UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUSTAVO ALDACO-ELIZARRARAZ,<br><br>Defendant. | Case No. 5:04-cr-20158-EJD-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 55 |

Presently before the court is Defendant Gustavo Aldaco-Elizarraraz's ("Defendant") Motion to Appoint Counsel in Light of Retroactive Holding Set Forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. No. 55. The Federal Public Defender's office filed a Notice of Non-Intervention. Dkt. No. 57. The United States of America ("Plaintiff") has filed its Opposition. Dkt. No. 71. Defendant replied. Dkt. No. 72.

Because *Johnson* does not apply to Defendant's circumstances and because Defendant does not have a constitutional right to be appointed counsel in postconviction proceedings, his motion will be denied.

I.  **BACKGROUND**

On September 8, 2004, Defendant was indicted on two counts. Dkt. No. 4. The first, included a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) for possession of 1.5 kilograms (actual) or more of methamphetamine. *Id*. The second, a violation of 8 U.S.C. § 1326 for the unlawful re-entry to the United States without permission after a prior deportation. *Id*. On April 3, 2006, the Defendant pleaded guilty to count one of the indictment for possessing

1  methamphetamine. Dkt. 47. The second count related to illegal re-entry was dismissed. On July
2  10, 2006, the court sentenced Defendant to serve 240 months in prison. Dkt. No. 47. Defendant's
3  sentence included an enhancement for a prior conviction of a felony drug offense pursuant to 21
4  U.S.C. §§ 841(b)(1)(A) and 851.

In 2015, the Supreme Court held in *Johnson v. United States* that the enhanced sentencing provision of 18 U.S.C. § 924 (e)(2)(B) is void for vagueness, in violation of the Due Process Clause of the United States Constitution. That statute increases the punishment of someone convicted of being a felon in possession of a firearm if he has suffered three or more convictions for committing, inter alia, a "violent felony," as defined in 18 U.S.C. § 924(e)(2)(B). 135 S. Ct. 2551 (2015).

## II. DISCUSSION

Defendant asks the court to appoint him counsel in light of the *Johnson* case. Defendant argues that his sentence enhancement falls under the unconstitutionally vague enumerated offense clause, which the Supreme Court has determined to be a violation of due process and retroactively applicable. Dkt. No. 55 at 1–2. Thus, Defendant argues, he should be appointed counsel. The court finds that *Johnson* does not apply to Defendant's circumstances and that he is not entitled to an appointment of counsel for postconviction proceedings. The court first addresses *Johnson*.

The Supreme Court in *Johnson* struck down the "residual clause" statute found in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The Court found the residual clause provided an overly vague definition of what constitutes a "violent felony" as it pertains to sentencing enhancements found in 18 U.S.C. § 924(e)(2)(B).

Defendant's sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(A), which applies to a person who commits a violation such as a felony drug offense after a prior conviction for a felony drug offense becomes final. 21 U.S.C. § 841(b)(1)(A) has not been determined unconstitutionally vague. Because Defendant's sentence was not enhanced by the residual clause deemed unconstitutionally vague in *Johnson*, and the statute that did apply to Defendant is still good law, *Johnson* is inapplicable to Defendant's case.

Accordingly, Defendant cannot be appointed counsel on the basis of *Johnson*'s ruling. The court next addresses whether Defendant has a constitutional right to counsel.

There is no Due Process or Equal Protection right to appointed counsel in postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 551–59 (1987); *Habeas Corpus Resource Center v. United States Department of Justice*, 816 F.3d 1241, 1244 (9th Cir. 2016). Here, judgment was entered against Defendant on July 14, 2006. Thus, there is no constitutional relief requiring this court to appoint counsel to Defendant.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion to Appoint Counsel is DENIED.

**IT IS SO ORDERED.**

Dated: May 31, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:04-cr-20158-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL
3